Mutual Life Insurance Company of Kentucky v.
Lucinda Jeffers et al.

Decided January 31, 1900.

**1. Insurance—False Representations—Cancellation.**

Neither the assured nor his assignee could have an insurance policy canceled by reason of false representations on the part of the assured in procuring it.

**2. Same—Cross-Action.**

The right of the court to adjudge a recovery of the premiums paid was dependent on its right to decree cancellation of the policy.

**3. Same—Dismissal by Plaintiff—Cross-Action.**

A cross-action by the holder of an insurance policy who admits the right to its cancellation, sought by plaintiff company by reason of false representations by the person procuring it, and seeks a return of the premiums paid, but asserts no independent right in such holder to cancellation, will not authorize a decree for such cancellation and recovery back of premiums paid, after plaintiff company has dismissed its suit for cancellation.

Appeal from Harris. Tried below before Hon. J. G. Tod.

*Love & McCord,* for appellant.

*Reese & Masterson,* for appellee Melott.

FISHER, Chief Justice.—This action was brought by the appellant, the insurance company, against Lucinda Jeffers, Lillian Melott, and J. L. Hudson, for the cancellation of an insurance policy issued by the appellant upon the life of Lucinda Jeffers. Cancellation was sought on the ground that the assured, Lucinda Jeffers, had falsely and fraudulently misrepresented her age in procuring the policy. The appellee Lillian Melott became the owner of the policy, and she is the only one of the appellees that has any real interest in the controversy now before the court.

Appellant in its pleadings asks for a judgment canceling the policy, coupled with an offer to return and restore the consideration and premiums it had received.

Appellee Melott filed an answer and cross-bill, in which it is in effect stated that the appellant is entitled to cancellation, and she asks for judgment against the appellant for the amount of premiums and consideration received by it in payment on the policy.

The appellant made a motion for a continuance, which the court below overruled; and thereupon the appellant took a nonsuit and declined further to prosecute its action for cancellation. Notwithstanding this, the court proceeded to render judgment canceling the policy, and rendered a decree in favor of appellee Melott for the amount of the premiums paid to appellant.

No right of cancellation was shown in favor of appellee or the holder of the policy, but a right in that respect is conferred upon the insurance

company, in the event the issuance of the policy was procured by fraud. Appellee Melott's right to cancellation would be no greater than that of the assured, Lucinda Jeffers, under whom she holds. If the assured procured the policy by reason of false and fraudulent representations, she could not maintain an action for cancellation; and we think that the trial court erred in decreeing cancellation after the appellant, the plaintiff below, had, by the taking of the nonsuit, practically dismissed its case. When the plaintiff took the nonsuit, it was a disposition in the nature of a dismissal of the case, so far as any cause of action was asserted by it.

The cross-action of the appellee Melott in effect asked the cancellation on the same ground asserted by the plaintiff. Or, in other words, admitted that the plaintiff had just grounds for cancellation. No independent right was asserted by the appellee Melott, authorizing cancellation, which the court could enforce against the appellant after it had dismissed its case. The authority of the court to render judgment restoring to the assured or her assignee, the appellee Melott, the premiums paid upon the policy, could be based only upon a judgment canceling the policy. Consequently, the want of power in the court to cancel the policy deprived it of the power to render judgment against the insurance company for the premiums received.

For the error pointed out the judgment is reversed with instructions to the trial court to dismiss the cross-action of the appellees, and that they recover nothing against the appellant thereon; and that the appellant recover the costs of this appeal, and that the trial court render such judgment as to the costs of that court as the facts and the law will warrant.

*Reversed with instructions.*